# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE:<br><br>DENNIS CLIFFORD BRUCE,<br><br>Debtor. | Chapter 7<br><br>Case No. 24-00179<br><br>**DEBTOR'S OBJECTION TO CHAPTER 7 TRUSTEE'S OBJECTION TO EXEMPTIONS** |

COMES NOW Dennis Clifford Bruce, (the "Debtor") by and through his undersigned counsel, and hereby objects to the Chapter 7 Trustee's Objection to Exemptions (Doc. 40) and in support thereof states as follows:

1. On March 4, 2024, the Debtor filed a Petition for Relief under Chapter 7 of the Bankruptcy Code along with his Schedules and Statement of Financial Affairs.

2. The filing of a Bankruptcy Petition creates an estate of all of the debtor's legal and equitable interests in property. 11 U.S.C. § 541(a). From the estate, the Debtor may exempt certain property. 11 U.S.C. § 522(b)(1). Section 522(b)(2) permits the states to "opt out" for the federal exemption scheme provided by the Code, and use the exemptions provided by state law. Iowa has chosen to opt out of the federal exemptions. Iowa Code § 627.10.

3. On Schedule C: The Property You Claim as Exempt, the Debtor identified a "Collins Community Credit Union IRA" as exempt under Iowa Code § 627.6(8)(e) & (f). The Debtor made a year 2023 contribution to an IRA (Individual Retirement Account). The Debtor also claimed his interest in any income tax refund and identified the amount as unknown. The Debtor claimed intended to claim the maximum allowable.

4. Exemption laws are to be construed liberally in favor of the Debtor. In re Caslavka, 179 B.R. 141, 143 (Bank. N.D.Iowa 1995). The Federal Rule of Bankruptcy Procedure places the burden of proof on the party objecting to a claim of exemption.

5.      On May 17, 2024, Larry Eide, the Chapter 7 Trustee (Trustee) filed an Objection to the Debtor's exemptions in the Collins Community Credit Union IRA and to the Debtor's exemption claim for a tax refund asserting that the Debtor's income for 2023 was too large to permit any deductible IRA contribution. The Trustee also objected to the claim of exemption for a tax refund to the extent that such refund exceeds the allowed exemption.

6.      The Trustee's objection is to the IRA is insufficient on its face. It contains a single bald statement that the Debtor's 2023 income was too large to permit a deductible IRA. The Objection does not contain the amount of the Debtor's income, nor does it contain any citation to authority as to what the "allowable" amount is.

7.      As stated above, the Debtor intends to claim the maximum allowable amount of any tax refund.

8.      The Court should note that the Tax Code Title 26 of the United States Code sets forth the requirements that must be met to claim a deductible IRA. In some instances, there is no income limit that would prevent a person from contributing to an IRA. The Court should further note that Iowa Code § 627.6(8)(e).

9.      The Debtor is the principal of BDC Group, Inc. (BDC). BDC filed for Chapter 11 protection, case number 23-00484. The reorganization was unsuccessful, and the case converted to Chapter 7. The Chapter 7 Trustee took control of all of the assets and BDC is no longer in operation and has no employees.

10.     The Debtor has no access to BDC's computers, email, or accounting programs. The Debtor inquired of the BDC Trustee if she would have tax documents prepared. The BDC Trustee declined.

11. The Debtor prepared his 2023 income tax returns using Turbo Tax. However, he did not have access to BDC records, nor did he have the expertise to prepare the required documents. The Debtor suggested that the Trustee in his individual case contact the BDC Trustee to obtain the needed information. The Debtor further suggested that the tax preparer be paid from the tax return. The Trustee declined asserting that he would not agree to an unknown preparation fee.

12. The Debtor asserts that any limitation is based on modified adjusted gross income. Once the losses for BDC are included in the calculation of his adjusted gross income, the Debtor will be under the ceiling for claiming the exemption. More importantly, if the Trustee assists in getting the tax returns amended, there should be a significant refund which would be available for the estate.

13. The Debtor has been cooperative with both Trustees. It is in the best interest of the estate to get tax returns filed that include all of the losses from BDC.

14. The Debtor reiterates that the Trustee's objection is insufficient and fails to comply with the Federal and Local Rules on face. The Objection should be Overruled.

WHEREFORE, the Debtor respectfully requests that the Court OVERRULE the Trustee's objection to claim of exemptions.

Dated this __ day of June 2024.

Respectfully submitted,

/s/ Ronald C. Martin
Ronald C. Martin AT0005050
P.O. Box 2877
Cedar Rapids, Iowa 52406-2877
Telephone: (319) 365-0437
FAX: (319) 365-5866
E-mail: rmartin@drpjlaw.com
ATTORNEY FOR DEBTOR

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 7th day of June, 2024, a copy of the foregoing document was filed with the Clerk of Court for the United States Bankruptcy Court for the Northern District of Iowa using the CM/ECF system and served electronically on those participants that receive service through the CM/ECF System. Service on interested parties that do not receive service through the CM/ECF System will be made via U.S. First Class Mail, postage prepaid. This Certificate of Service will be supplemented with a subsequent Certificate of Service once mail service has been completed.

By: /s/ Lillian Strait