UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF IOWA

IN RE:

DENNIS CLIFFORD BRUCE,

Debtor(s).

CHAPTER 7
CASE NO. 24-00179

ORDER GRANTING MOTION
FOR TURNOVER OF RECORDS
AND PROPERTY

_____

NOW, the Motion for Turnover of Records and Property filed by Larry S. Eide, the Chapter 7 Trustee, comes before the Court. The Court FINDS:

1.      This case was commenced on March 4, 2024.

2.      The Debtor listed the ownership of a Robinhood brokerage account in the Schedules with a value of $11,158.76 and stated that he does not currently have access to the account.

3.      Bankruptcy Code §542(a) provides that

[e]xcept as provided in subsection (c) or (d) of this section, an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver tot the trustee, and account for, such property or the value of such proeprty, unless such property is of inconsequential value or benefit to the estate.

4.      Neither Bankruptcy Code §542(c) nor §542(d) are applicable to the brokerage account and its contents.

5.      The Trustee filed a Motion for Turnover of Records and Property on May 24, 2024 (Doc. 44).

6.      The statements and allegations of said Motion are deemed to be true and correct for the purposes of entry of this Order.

7.      The investments and funds in the Robinhood account are assets of this bankruptcy case and the Trustee is entitled to access to the account of the Debtor, to all of the records pertaining to said account, and to all of the assets (or their liquidation proceeds) in the account.

8.      The true name of the broker holding said funds appears to be Robinhood Financial LLC, and it appears to be a wholly owned subsidiary of the publicly held company Robinhood Markets, Inc.

9.      The broker holding the account, investments and funds should be compelled and ordered to provide access to the Debtor's brokerage account, and to all of the records pertaining to the account, to the Trustee for the purpose of liquidating all investments and thereafter withdrawing all funds from the account.

10.      The Trustee's Motion should be granted.

11.      The Court retains jurisdiction of this matter for the purpose of entering such further orders as are necessary to grant the Trustee access to the Debtor's account, all records pertaining to the account, to the liquidation of all investments held in said account, and to the liquidation of said account.

AND, IT IS SO ORDERED.

DATED AND GRANTED    June 14, 2024

_____
Thad J. Collins, Bankruptcy Judge

Order prepared and submitted by:
Larry S. Eide, Trustee (AT0002317)
PO Box 1588
Mason City, IA 50402-1588
Telephone: 641.423.4264
Facsimile: 641.423.3145
Email: eide@pappajohnlaw.com