UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| DENNIS CLIFFORD BRUCE,<br>    Debtor. | Case No. 24-00179<br><br>CHAPTER 7 |
| ROBERT C. GAINER, TRUSTEE,<br>    Plaintiff,<br><br>v.<br><br>CANDACE N. BRUCE,<br>    Defendant. | Adv. Pro. _____<br><br>**ADVERSARY COMPLAINT FOR PREFERENCE, AVOIDANCE, AND TURNOVER** |

Plaintiff, Robert C. Gainer, the duly appointed Chapter 7 Trustee in the above-captioned matter, states the following as his Complaint:

**VENUE/JURISDICTION**

1. Debtor Dennis Clifford Bruce filed a voluntary Petition for Relief pursuant to Chapter 7 of Title 11 of the U.S. Code on March 4, 2024 (the "Petition Date").

2. Pursuant to 11 U.S.C. § 701(a)(1), Larry S. Eide was originally appointed trustee, resigned, and Plaintiff, Robert C. Gainer, was appointed as successor trustee, and remains the interim trustee of the above-captioned bankruptcy estate. Pursuant to 11 U.S.C. § 701(c), Plaintiff is the trustee in the above-captioned matter.

3. Defendant Candace Bruce is a resident of Marion, Linn County, Iowa, and is the spouse of Debtor Dennis Bruce.

4. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (E), (H), and (O).

5. This Court has jurisdiction of the above-captioned adversary proceeding pursuant to 28 U.S.C. § 1334(b).

6. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I) and (J).

7. Pursuant to 28 U.S.C. § 157(b)(1), this Court may hear and determine this matter and may enter appropriate orders and judgments in the above-captioned matter.

8. Plaintiff consents to entry of final orders or judgment by this Court in the above-captioned matter.

9. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1409(a).

## AVOIDABLE TRANSFERS

10. Plaintiff incorporates Paragraphs 1-10 as if fully restated herein.

11. On or about May 24, 2023, Debtor sold a 2017 Aqua Patio Pontoon boat with 2017 Yacht Club trailer to Coralville Lake Marina.

12. Debtor used a portion of the proceeds to payoff a secured loan to Linn Area Credit Union, leaving the Debtor $14,273.35 of the remaining sales proceeds.

13. Debtor distributed $7,136.68 of the remaining sales proceeds to Defendant.

14. Debtor did not receive value in exchange for the transfer.

15. On or about November 10, 2023, Debtor paid Defendant $23,754.00 from a Robinhood Account withdrawal.

16. The Robinhood Account was titled only to the Debtor.

17. Debtor did not receive value in exchange for the transfer.

18. On or about January 3, 2024, Debtor sold a 2018 Jeep vehicle titled only in his name.

19. On or about January 3, 2024, Debtor distributed $16,250.00 of the sales proceeds from the Jeep to Defendant.

20. Debtor did not receive value in exchange for the transfer.

21. On or about January 8, 2024, Debtor cashed a certificate of deposit maintained in his name at GreenState Credit Union.

22. Debtor transferred $21,191.82 of the funds from the certificate of deposit to Defendant.

23. Debtor did not receive value in exchange for the transfer.

24. Debtor received nothing in return for the above-mentioned transfers.

25. The above-mentioned transfers total $68,332,50.

26. On December 15, 2025, Plaintiff sent by U.S. Mail a letter to Defendant demanding the return of the funds described above. *See* Attachment 1.

27. As of the date of this Petition, Plaintiff has not received any of the requested funds from Defendant.

### **COUNT I: FRAUDULENT CONVEYANCE PURSUANT TO 11 U.S.C. § 548(a)**

28. Plaintiff incorporates Paragraphs 1–27 as if fully restated herein.

29. Within two years of the Petition Date, Debtor voluntarily transferred at least $68,332.50 in funds, as described above in Paragraphs 11–27, to Defendant.

30. The transfers from Debtor to Defendant were fraudulent because the Debtor received less than a reasonably equivalent value in return for the transfers to Defendant.

31. The transfers to Defendant were made for the benefit of Defendant only.

32. Debtor made these transfers with the actual intent to hinder, delay, or defraud creditors, as evidenced by, among other things, the following:

    a. Debtor filed a Petition for Relief with this Court on March 4, 2024, just two months after the final transfer.

    b. Debtor had retained an attorney to advise them regarding seeking relief in bankruptcy prior to many of those transactions.

    c. Debtor concealed the transfers and property related to such transfers from creditors and trustees, including the U.S. Trustee (Plaintiff). *See United States v. Dennis Clifford Bruce*, No. 25-CR-49 (Third Superseding Indictment) (Doc. No. 42).

    d. Debtor made multiple false statements under oath in during the proceedings for the above-cited Bankruptcy case in the United States Bankruptcy Court for the Northern District of Iowa regarding the above-mentioned transfers. See *Id.* at 4–6.

    e. Debtor received no consideration in return for the above-mentioned transfers.

33. Defendant is an "insider" because Defendant had a special relationship with the Debtor as Debtor's spouse at the time of the transfers.

WHEREFORE, pursuant to 11 U.S.C. §548(a)(1), Plaintiff asks that this Court enter judgment avoiding all transfers from Debtor to Defendants within two years of the Petition Date, whether as immediate or mediate transferees; that pursuant to 11 U.S.C. § 550 this Court enter judgment in Plaintiff's favor, and against Defendant, commanding the return of all property transferred from Debtor to Defendant within two years of the Petition Date, and that this Court enter judgment in Plaintiff's favor and against Defendant for the value of all such transfers, whether the Defendant was immediate or mediate transferee of such property; that this Court assess the costs of this action against Defendant; and that this Court grant such other and further relief as it deems just and appropriate under the circumstances.

## COUNT II: AVOIDANCE PURSUANT TO 11 U.S.C. § 544(b) AND IOWA CODE CHAPTER 684

34. Plaintiff incorporates Paragraphs 1–33 as if fully restated herein.

35. Pursuant to Iowa Code Section 684.9, the above-described transfers are recoverable if made within four years of the Petition Date, or, if earlier, if made within one year of the date on which a creditor reasonably could have discovered the transfers.

36. Debtor listed creditors holding unsecured claims of $31,078,341.04 on their Schedule E/F in the above-captioned matter.

37. Each of those creditors could have avoided the transfers alleged herein pursuant to Iowa Code Chapter 684.

WHEREFORE, pursuant to 11 U.S.C. § 544 and Iowa Code Chapter 684, Plaintiff asks that this Court enter judgment avoiding all transfers from Debtor to Defendant within four years of the Petition Date, whether as immediate or mediate transferee; that pursuant to 11 U.S.C. § 550 this Court enter judgment in Plaintiff's favor, and against Defendant, commanding the return of all property transferred from Debtor to Defendant within four years of the Petition Date, and that this Court enter judgment in Plaintiff's favor and against Defendants for the value of all such transfers, whether such Defendant was an immediate or mediate transferee of such property; that this Court assess the costs of this action against Defendants; and that this Court grant such other and further relief as it deems just and appropriate under the circumstances.

## COUNT III: PREFERENCE PURSUANT TO 11 U.S.C. § 547

38. Plaintiff incorporates Paragraphs 1–37 as if fully restated herein.

39. The above-described transfers from Debtor to Defendant occurred within one year preceding the filing of the Petition.

40. The transfers were for the benefit of Defendant as a creditor.

41. The transfers were for or on account of an antecedent debt owed by the Debtor before the transfer was made.

42. The transfers occurred while Debtor was insolvent.

43. The transfers enabled Defendant to receive more than the Defendant would have received if the case were under Chapter 7, the transfers had not been made, and Defendant received payments to the extent provided by the provisions of Title 11.

44. The transfers are avoidable by the Trustee pursuant to 11 U.S.C. § 547 and the value thereof should be preserved for the benefit of the estate pursuant to 11 U.S.C. § 551.

WHEREFORE, Plaintiff asks this Court to enter judgment against Defendant avoiding the above-described transfers and order Defendant to immediately turn over to the Trustee the above-described property in the form of the transfers, or its reasonable value; that this Court assess the costs of this action against Defendants; and that this Court grant such other and further relief as it deems just and appropriate under the circumstances.

### COUNT IV: TURNOVER PURSUANT TO 11 U.S.C. § 542 AND § 550

45. Plaintiff incorporates Paragraphs 1–44 as if fully restated herein.

46. Upon information and belief, Defendant is in possession, custody, and/or control of the property from the above-described transfers made by Debtor to Defendant.

47. Pursuant to Plaintiff's rights as Trustee under 11 U.S.C. § 542, Plaintiff alleges that the aforesaid transfers constitute property of the estate and should be turned over to the Plaintiff/Trustee.

WHEREFORE, Plaintiff asks that this Court enter judgment against Defendant avoiding the above-described transfers in an amount not less than $68,332.50, that this Court assess the costs of this action against Defendant, and that this Court grant such other and further relief as it deems just and appropriate under the circumstances.

                          RESPECTFULLY SUBMITTED,

*/s/ Robert C. Gainer*
Robert C. Gainer  AT0000305
CUTLER LAW FIRM, P.C.
1307 50th Street
West Des Moines, IA 50266
Tel:  515-223-6600
Fax: 515-223-6787
Email:  rgainer@cutlerfirm.com
ATTORNEYS FOR TRUSTEE